# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

PAMELA KAY STONE,                          )
                                           )
     Plaintiff,                            )
                                           )
v.                                         )          No. 5:24-cv-06057-DGK
                                           )
MARTIN J. O'MALLEY,                        )
Commissioner of Social Security,           )
                                           )
     Defendant.                            )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Pamela Kay Stone's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (the "Act"). The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including traumatic brain injury, a coccygeal abnormality, chronic migraine headaches, and myofascial pain syndrome (with cervicalgia). Nevertheless, the ALJ found she retained the residual functional capacity ("RFC") to perform a range of light work with certain physical restrictions. The ALJ ultimately found Plaintiff could perform work as a nursery school attendant and a children's tutor.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff protectively filed for DIBs on January 17, 2020, alleging a disability onset date of September 7, 2018, continuing through her date last insured of December 31, 2018 (the "Relevant Period").[1] The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on August 9, 2023, and issued a decision finding Plaintiff was not disabled on August 29, 2023. The Appeals Council denied Plaintiff's request for review on February 28, 2024, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

---

[1] Plaintiff previously filed for DIBs in November 2015. R. at 72. In January 2018, an ALJ found Plaintiff was not disabled and could perform a range of light work. R. at 76, 84. Plaintiff did not appeal that decision.

## Discussion

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues two of the ALJ findings were not supported by substantial evidence: (1) the ALJ's finding that her reported her migraine headaches symptoms were not consistent with the evidence; and (2) the ALJ's finding that she acquired skills readily transferable to a significant range of work. Both arguments are unpersuasive.

## I. Substantial evidence supports the ALJ's evaluation of Plaintiff's migraine headaches.

At the hearing, Plaintiff testified concerning her migraine headache symptoms. The ALJ found Plaintiff's headaches during the Relevant Period were not as disabling as Plaintiff stated. Plaintiff argues the ALJ's opinion failed to "identify any factual inconsistencies between [her] statements and the record as a whole." Pl.'s Br. at 11, ECF No. 8.

Under SSR 16-3p, an ALJ must consider whether an "individual's statements about the intensity, persistence, and limiting effects of symptoms, . . . are consistent with objective medical evidence and the other evidence." *See* 2017 WL 5180304 at *6 (Oct. 25, 2017).

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Here, the ALJ complied with SSR 16-3p. The ALJ summarized Plaintiff's testimony stating the following:

> she had severe migraines such that she would vomit before she could sit up, could not lift or raise shoulders, could not move her neck, rarely drove because she could not turn her neck, had to go to the emergency room a few times a week, could not get out of bed, and mostly was not able to do much of anything even sit up (without vomiting).

> After careful consideration of the evidence, . . . the objective medical evidence and other evidence in the record through the date last insured does not support the claimant's statements concerning the alleged intensity, persistence and limiting effects of these symptoms or a debilitating inability to function.

R. at 25–26; *see also* R. at 56–57. Next, the ALJ discussed the objective medical evidence which reflected: (1) significantly improved symptoms before, during, and after the Relevant Period; (2) reduced frequency of migraines during the Relevant Period; (3) unremarkable examinations during the Relevant Period; and (4) no "significant change or worsening symptoms" from when Plaintiff was found able to perform a range of light work in January 2018. R. at 26. The ALJ also considered the prior administrative findings which were "supported by the lack of significant treatment and unremarkable examinations during the relevant period." R. at 27. These are clearly articulated, specific reasons why the ALJ discounted Plaintiff's allegations, and they are supported by evidence in the record. *See* R. at 72–84, 254, 263, 265, 327, 329, 332, 334.

Plaintiff contends the evidence cited by the ALJ is not inconsistent with her statements, but instead indicate improved symptoms rather than an ability to work. Pl.'s Br. at 12. This argument is nothing more than disagreement with how the ALJ weighed the evidence. Moreover, Plaintiff fails to address clear inconsistencies between her testimony and the lack of objective medical evidence in the record. For instance, the record during the Relevant Period includes no evidence

4

supporting Plaintiff's claims of persistent vomiting despite several visits with medical providers, or the weekly trips to the emergency room she stated occurred. *See* R. at 56–57.

Accordingly, the ALJ's finding is supported by substantial evidence.

## II.    Substantial evidence supports the ALJ's finding that Plaintiff had skills that are readily transferable to a significant range of work.

At step five of the sequential evaluation process, the Commissioner has the burden to show a claimant is not disabled and can "adjust[] to other work."  20 C.F.R. § 404.1520(a)(4)(v); *see also id.* § 404.1560(c)(2).   Under this framework, § 202.00(c) of the Medical Vocational Guidelines creates a rule for individuals of "advanced age" who are able to perform light work. Section 202.00(c) states the following:

> for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(c).

There is no dispute Plaintiff qualifies as an individual of advanced age and is unable to perform past relevant work.  Thus, under § 202.00(c), Plaintiff qualifies as disabled unless the Commissioner can show she has skills that are "readily transferable to a significant range of semi-skilled or skilled work." *See id.*  The ALJ found Plaintiff was not disabled because she "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy."  R. at 29.  Specifically, ALJ found Plaintiff's skills were readily transferable to being either a nursery school attendant or children's tutor. *See id.*

Plaintiff argues the ALJ should have been required to show she had skills readily transferable to at least three occupations, not just the two identified above.  That is, Plaintiff

5

contends the phrase "significant range of semi-skilled or skilled work" in § 202.00(c) requires the Commissioner to identify three or more occupations. The Commissioner maintains the ALJ need only find that a significant range of jobs exist in the national economy. Accordingly, the issue before the Court is whether § 202.00(c)'s use of the word "work" refers to "occupations" or "jobs." The Eighth Circuit has not addressed this issue, and only two circuits have.

The Ninth Circuit interpreted "work" to mean "occupations" in the context of § 202.00(c) and that a "significant range of work" requires an ALJ to identify three or more occupations. *See Lounsburry v. Barnhart*, 468 F.3d 1111, 1117 (9th Cir. 2006); *Maxwell v. Saul*, 971 F.3d 1128, 1132 (9th Cir. 2020). The Sixth Circuit reached the opposite conclusion and interpreted "work" to mean "jobs." *Hamilton v. Comm'r of Soc. Sec.*, 98 F.4th 800, 806 (6th Cir. 2024) (per curiam). The Sixth Circuit reasoned that this interpretation was more consistent with the regulatory scheme, noting

> [a]t [step five], the regulatory scheme consistently equates "work" with "jobs"—not "occupations." The scheme expressly uses the word "jobs" as a synonym for the word "work." 20 C.F.R. § 404.1560(c)(1). And it makes clear that "[w]ork exists in the national economy" as long as a "significant number of *jobs*" exist— even if all those jobs fall into "*one*" occupation. *Id.* § 404.1566(b) (emphasis added). Since the Administration uses "work" to mean "jobs" in all other regulations discussing step five, the Medical Vocational Guidelines are most naturally read to contain the same meaning.

*Id.* at 806; *see also id.* at 806–08 (providing more examples).

After an independent review of the applicable regulations, the Court finds the Sixth Circuit's analysis persuasive. And absent any controlling Eighth Circuit authority to the contrary, the Court follows the Sixth Circuit's lead on this issue.

Accordingly, the ALJ did not err when she determined the 71,000 available jobs in the national economy as either a nursery school attendant or children's tutor satisfied § 202.00(c)'s significant range requirement. *See* R. at 29, 62.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 2, 2025                           /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT

7